UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**RODNEY OSBORNE**

**VERSUS**

**JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE**

**CIVIL ACTION**

**NUMBER 07-781-RET-DLD**

## MAGISTRATE JUDGE'S REPORT

This matter is before the Court on defendants' motion to dismiss plaintiff's complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim for which relief can be granted (rec. doc. 6). Defendants seek dismissal of plaintiff's complaint because his claims are barred by *res judicata* and dismissal of plaintiff's claims against United States Postal Service (USPS) because it is not the proper party defendant in this action. Defendants' motion is opposed (rec. doc. 10).

**Factual Background**

Plaintiff is a current employee of USPS. Plaintiff's complaint alleges that on or around May 1, 2007, defendants retaliated against him by refusing to restore his annual and sick leave balances pursuant to an April 3, 2000, settlement agreement because he filed a federal lawsuit in February 2001. Plaintiff seeks restoration of his annual and sick leave balances and other remedies. The current lawsuit (Osborne II) and the underlying complaint filed with the Equal Employment Opportunity Office of the United States Postal Service (EEO) are not plaintiff's first legal actions against defendants.

**The First Lawsuit (Osborne I)**

On February 6, 2001, plaintiff filed suit against several individuals employed by the USPS and the United States (Osborne I - CA 01-117). Plaintiff alleged claims of race and disability discrimination, harassment and retaliation as a result of his filing a workers' compensation claim, denial of union representation, denial of appropriate medical treatment, and intentional infliction of emotional distress (CA 01-117, rec. doc. 1).[1] Plaintiff alleged in his complaint that he was "due reimbursement for all annual and sick leave which was used by him from June 1999, through October 1999" (Id., ¶7).

Plaintiff subsequently amended his complaint, naming as additional defendants the United States Postmaster General, the USPS, and the United States Department of Labor (Id., rec. doc. 17).[2] On August 17, 2001, the Court held that the individual defendants, the USPS, and the Department of Labor were improperly named defendants and granted their motion to dismiss (Id., rec. doc. 23).

Prior to filing Osborne I, plaintiff filed numerous EEO complaints alleging various acts of discrimination and retaliation.[3] On April 8, 2003, the Court granted defendants' motion for summary judgment in Osborne I and dismissed plaintiff's racial discrimination claims (Id., rec. doc. 80). Thereafter, the Court administratively closed the case to allow plaintiff to exhaust his administrative remedies on the various complaints pending before

---

[1] Defendants attached plaintiff's complaint and first amended complaint in CA01-117 to their motion to dismiss. See CA07-781, rec. doc. 8, Exhibits A and B.

[2] Plaintiff's first amended complaint contained the same allegations and causes of action as the original complaint.

[3] August 1, 2000, EEO complaint 1G-708-0015-00; December 18, 2000, EEO complaint 1G-708-004-00; December 26, 2000, EEO complaint 1G-708-0004-01; June 6, 2001, EEO complaint 1G-708-0013-01; April 1, 2002, EEO complaint.

the EEO. After the plaintiff exhausted his claims before the EEO, plaintiff filed his second amended complaint claiming disability discrimination and retaliation on July 28, 2003 (Id., rec. doc. 85).

On July 28, 2004, the Court heard oral argument on defendants' motion for summary judgment on plaintiff's remaining claims. The Court granted defendants' motion for summary judgment on the record and later issued a written ruling and judgment dismissing plaintiff's disability discrimination and retaliation claims, with prejudice (Id., rec. docs. 112 and 114).

**The Second Lawsuit (Osborne II)**

On October 25, 2007, plaintiff filed suit against John E. Potter, Postmaster General, and the USPS (Osborne II) (CA07-781,rec. doc. 1). Plaintiff's complaint alleges claims of retaliation and impeding a federal workers' compensation claim against defendants.[4] Plaintiff alleges that the USPS entered into a settlement agreement on April 3, 2000, to restore his annual and sick leave balances from June 1999, through October 1999, and properly report that adjustment to the Department of Labor, Office of Worker's Compensation. It appears that on or around May 1, 2007, plaintiff inquired about the status of his benefits pursuant to the agreement with the USPS, and he was told by his employer that "because he filed a federal lawsuit in February 2001 (Osborne I), he was no longer entitled to any further action on his claim.

Prior to filing Osborne II, plaintiff filed a complaint with the EEO on July 10, 2007, wherein plaintiff also alleged that the USPS retaliated against him in refusing to restore his

---

[4] Plaintiff's complaint also cites to the following federal statutes and regulations: 20 CFR §10.16a, 18 USC §1001, 20 CFR §10.23, 42 USC §2000e-2a.

annual and sick leave for June 1999, through October 1999, in violation of its April 2000, agreement (complaint 4G-700-0131–07)(CA07-781, rec. doc. 1-2, p. 6).  The EEO noted that plaintiff had filed four formal complaints prior to the instant case, and that the EEO Counselor's Inquiry Report for EEO complaint 1G-708-0013-01, indicates that he requested "restoration of his leave used for injury/treatment since June 9, 1999, and Right to Sue." Id.  The EEO dismissed plaintiff's EEO complaint 4G-700-0131-07, as required by applicable regulations, because it determined that plaintiff's claim was pending before or had been previously decided by the agency or Commission.

Plaintiff's claims in Osborne II are now before the Court.  Defendants seek dismissal of plaintiff's complaint because plaintiff's claims are barred by *res judicata* and seek dismissal of plaintiff's claims against USPS because it is not the proper party defendant in this action.

**Argument of Parties**

Defendants argue that plaintiff's claims should be dismissed because they are barred by *res judicata* (CA07-781, rec. doc. 7).  All of the elements of *res judicata* are met in this case because the Postmaster General and the USPS were named in both lawsuits; a final judgment was rendered, dismissing Osborne I, with prejudice; and both Osborne I and Osborne II are based on the same nucleus of operative facts - plaintiff's request to have his annual and sick leave from June 1999, through October 1999 restored.

Defendants also argue that plaintiff has no cause of action against the USPS, and that the proper party defendant in this matter is John E. Potter, Postmaster General.  The only proper defendant in a Title VII action against the USPS is the Postmaster General, and

naming the USPS as a defendant instead of the Postmaster General, does not satisfy this requirement. Thus, defendants seek dismissal of plaintiff's claim against the USPS.

Plaintiff acknowledges that the EEO states that it dismissed plaintiff's claim because the same claim had been previously decided by the agency or commission in EEO complaint 1G-708-0013-01 (Id, rec. doc. 10). Plaintiff explains that the causes of action for EEO complaint 1G-708-0013-01 were "inappropriate deductions from wages" and "withholding medical treatment," which were dismissed because the EEO found that a portion of the complaint was the basis of a pending civil action (Osborne I) Id. Plaintiff claims that the corrective action sought in EEO complaint 1G-708-0013-01 was: "1. Return of $150.93 plus interest from 9/29/00; 2. Audit pay account to properly reflect entitlements from 4/16/99; 3. Right to sue for wrongful taking of wages; 4. Complete restoration of all leave used since 6/9/99; 5. Compensatory damages for withholding medical treatment; 6. Re-imbursement for out of pocket medical expenses." Id. However, none of these causes of action are identical to those alleged in the instant case. Specifically, plaintiff argues that there are two issues of critical importance that affect *res judicata* of his claims in Osborne II: 1) the leave restoration issue was never filed as a claim on its own merits in Osborne I; and 2) no final judgment was ever rendered on the issue of leave restoration in Osborne I. Plaintiff relies on Judge Polozola's statement in the first lawsuit that the leave restoration issue "is not before the court for discussion" in his ruling granting summary judgment on plaintiff's claims for disability discrimination and retaliation.

Plaintiff claims that he filed suit against "John E. Potter, Postmaster General, U.S. Postal Service" as specifically suggested by the EEO in its July 23, 2007, dismissal (Id, rec.

docs. 10 and 1-2, p. 2).  Based on defendants' refusal to restore his sick and annual leave balances, plaintiff argues that defendants are the proper parties to the suit.

**Standard for Motion to Dismiss Under 12(b)(6)**

In order to give the defendant fair notice of the claim, plaintiff is required to plead a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  Complaints drafted by *pro se* litigants are held to a less stringent standard than formal pleadings drafted by lawyers.  *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981).

When reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6) attacking the plaintiff's complaint for failure to state a claim, the court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Guidry v. American Public Life Ins. Co.*, 512 F.3d 177 (5th Cir. 2007), *citing Bell Atl. Corp. v. Twombly,* --- U.S. ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007)*.*  The plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S.Ct. at 1974. "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.*, at 1965; see also *Schafer v. State Farm Fire and Cas. Co.,* 507 F.Supp.2d 587, 591 (E.D. La. 2007).  A motions to dismiss under Rule 12(b)(6) is "viewed with disfavor and is rarely granted." *Priester v. Lowndes County*, 354 F.3d 414 (5th Cir. 2004).

In deciding a motion to dismiss for failure to state a claim, a court is generally limited to the allegations of the complaint and the documents either attached to or incorporated in the complaint. *Lovelace v. Software Spectrum, Inc.,* 78 F.3d 1015, 1018 (5th Cir. 1996), citing Fed. R. Evid. 201(f).  However, "courts may also consider matters of which they may

have judicial notice," such as pleadings filed in other judicial proceedings. *Warden v. Barnett*, 252 F.3d 1356, fn.1 (5th Cir. 2001), *citing Lovelace v. Software Spectrum, Inc.*, supra, (court considered the state court petition in connection with the motion to dismiss the federal RICO claim not for the truth of the matters asserted in the state court petition, but as proof that defendant was on notice of his alleged injury when his state court suit was filed). Thus, the Court will take judicial notice of the pleadings in Civil Action 01-117 in connection with defendants' motion to dismiss on the basis of *res judicata.*

### *Res Judicata*

The doctrine of *res judicata*, or claim preclusion, bars relitigation of claims that were or could have been brought in a prior action. *Davis v. Dallas Area Rapid Transit*, 383 F.3d 309, 313 (5th Cir. 2004), *citing Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980). In order for a claim to be barred by *res judicata*, the following four elements must be met: (1) the parties in both the prior suit and the current suit must be identical; (2) a court of competent jurisdiction must have rendered the prior judgment; (3) the prior judgment must have been final and on the merits; and (4) the plaintiff must raise the same cause of action in both suits. *Id., citing Howe v. Vaughan*, 913 F.2d 1138, 1143-44 (5th Cir. 1990).

The first three elements appear to be undisputed by the parties, at least to the extent that there was a final judgment on the claims before the Court. The Postmaster General and the USPS were both named as defendants in Osborne I and Osborne II (CA 01-117, rec. docs. 17 and 23; CA07-781, rec. doc. 1). Plaintiff's claims asserted in Osborne I were dismissed, with prejudice, on April 9, 2003 (racial discrimination) and August 5, 2004

(disability discrimination and retaliation)(CA 01-117, rec. docs. 80 and 114). The fourth element - whether the cause of action was the same in both suits - has been challenged by the plaintiff. The Court must determine whether plaintiff's claims brought in Osborne II are part of the same cause of action as the claims brought in Osborne I, and whether the claims could have been brought in Osborne I. The Fifth Circuit applies the "transactional test" in order to determine whether the prior and current suits involve the same cause of action. *Id., citing Nilsen v. City of Moss Point*, 701 F.2d 556, 560 (5th Cir. 1983). Under the transactional test, a prior judgment's preclusive effect extends to all rights of the plaintiff "with respect to all or any part of the transaction, or series of connected transactions, out of which the [original] action arose." *Id., citing Petro-Hunt, L.L.C. v. United States*, 365 F.3d 385, 395-96 (5th Cir. 2003). The Court must review the facts contained in each complaint to determine the critical issue under the transactional test of whether the two actions are based on the "same nucleus of operative facts." See *Id., citing Petro-Hunt, L.L.C.*, 365 F.3d at 396.

Defendants argue that the fourth element of *res judicata* is met because both Osborne I and Osborne II "arise from the fact that defendants reported plaintiff's time as sick or annual leave which resulted in the reduction of plaintiff's leave balances" (CA07-781, rec. doc. 7). Additionally, defendants note that plaintiff sought restoration of his annual and sick leave in both Osborne I and Osborne II. Although the complaint in Osborne I does contain a request for "reimbursement for annual and sick leave," defendants have not pointed to evidence to indicate that plaintiff exhausted his

administrative remedies with respect to this claim or to show that the Court's August 5, 2004, dismissal of Osborne I addressed this issue.

Additionally, it is not clear that the causes of action or series of transactions alleged in Osborne I and Osborne II arise out of the same nucleus of facts. Plaintiff alleges that in May 2007, when he inquired into the status of his leave, defendants retaliated against him by failing to honor their April 3, 2000, agreement and restore his sick and annual leave balances because he filed Osborne I. Thus, based solely on the facts as alleged by plaintiff, Osborne II appears to be based on events that occurred after Osborne I was filed. Thus, the cause of action or transaction at issue is more than just the "restoration of the leave balances," as suggested by defendants, but also it includes plaintiff's allegations in Osborne II that defendants retaliated against him by refusing to restore his leave balances, after having agreed to do so, because he filed Osborne I.

A review of the complaint and first amended complaint in Osborne I show that it does contain an allegation for "retaliation for filing a workers compensation claim," which defendant apparently uses to support its argument that plaintiff's "retaliation" claim was dismissed in Osborne I. However, the retaliation in Osborne II was for filing the federal law suit, not for filing a workers' compensation claim. Additionally, the court held in Osborne I that plaintiff had not exhausted his administrative remedies with respect to his claim for retaliation as a result of filing a workers' compensation claim, and, therefore, it would not be considered (CA01-117, rec. doc. 117, pp. 55-57). Thus, the retaliation claim in Osborne I, was based on a different act (filing a workers' compensation claim - not filing the lawsuit) and was not considered by the Court.

Based on the facts as alleged in plaintiff's complaint, plaintiff's claim for retaliation arose when defendants refused to honor their 2000 agreement to restore plaintiff's sick and annual leave because plaintiff filed the Osborne I lawsuit. Although plaintiff did raise retaliation in Osborne I, those allegations were as a result of his filing a workers' compensation claim, and it appears that those claims were not exhausted or addressed prior to the dismissal of Osborne I. Although there may be other issues with respect to the timeliness of plaintiff's claim for relief or whether defendants' actions satisfy the adverse employment action requirement for a retaliation claim, as noted by the Court in CA01-117, defendants have failed to carry their burden of proving that plaintiff's current claim is barred by *res judicata*.

**Dismissal of United States Postal Service**

Plaintiff's complaint includes a claim for retaliation against defendants under Title VII, 42 U.S.C. §2000e *et seq.* The Postmaster General is the only proper defendant in a Title VII action against the Postal Service. *Montgomery v. United States Postal* Service, 867 F.2d 900, 902 (5th Cir. 1989), *citing Lamb v. United States Postal Service,* 852 F.2d 845, 846 (5th Cir. 1988).

The June 23, 2007, dismissal notified plaintiff of his right to file a civil action and informed him that "[i]f you choose to file a civil action, that action should be captioned **Rodney Osborne vs. John E. Potter, Postmaster General, U.S. Postal Service**" (CA01-781, rec. doc. 1-2, p. 2). Thus, plaintiff filed suit against John E. Potter, Postmaster General, U.S. Postal Service, as directed by the EEO. Plaintiff also specifically lists the

"United States Postal Service, Southwest Area Agency" as an additional defendant in Section 3. of his complaint.

Although the letter from the EEO informing plaintiff of his right to file a civil action and directing him on how to caption his law suit may be confusing, especially to an unrepresented party, it clearly indicates that the proper defendant is the Postmaster General, as head of the United States Postal Service. The law does not provide for the USPS to be made a separate party defendant to an action by an employee in a Title VII action. See *Montgomery v. United States Postal* Service, 867 F.2d 900, 902 (5th Cir. 1989), *citing Lamb v. United States Postal Service,* 852 F.2d 845, 846 (5th Cir. 1988). For these reasons, it is recommended that the USPS should be dismissed as a party defendant to this matter, with prejudice.

### Conclusion

For the foregoing reasons, it is recommended that, defendants' motion to dismiss pursuant to Federal Rule Civil Procedure 12(b)(6) for failure to state a claim (rec. doc. 6) should be **DENIED in part, and GRANTED in part** as follows,

1) Defendants' motion to dismiss plaintiff's claims based on *res judicata* should be **DENIED**, and

2) Defendant's motion to dismiss plaintiff's claims against the United States Postal Service should be **GRANTED**.

Signed in Baton Rouge, Louisiana, on April 30, 2008.

_____
**MAGISTRATE JUDGE DOCIA L. DALBY**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA

**RODNEY OSBORNE**                                                   **CIVIL ACTION**

**VERSUS**                                                                      **NUMBER 07-781-RET-DLD**

**JOHN E. POTTER, POSTMASTER GENERAL, UNITED STATES POSTAL SERVICE**

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the U.S. District Court.

In accordance with 28 U.S.C. §636(b)(1), you have ten days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report. A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on April 30, 2008.

_____
MAGISTRATE JUDGE DOCIA L. DALBY